UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 0:20-cr-08-REW-MAS-1 |
| v. ) | |
| ) | |
| JOSHUA AARON VALLANCE, ) | |
| ) | |
| Defendant. ) | |

**RECOMENDATION TO ACCEPT GUILTY PLEA**

On referral from District Judge Wier, the Court conducted guilty plea proceedings concerning Defendant Joshua Vallance. On October 5, 2020, Defendant appeared before the undersigned for proceedings under Rule 11, following Defendant's expressed intent to plead guilty to Count 1 of the Indictment [DE 1].

As established and particularly detailed on the record:

1. After the Court informed Defendant of his right to plead in the presence of a United States District Judge, Defendant personally consented to plea proceedings before a United States Magistrate Judge. Defendant further consented to the Magistrate Judge making a recommendation to the District Judge regarding whether to accept the plea. The consent occurred orally and in writing and was under oath. The consent was knowing, voluntary, and intelligent and occurred with counsel's advice. The United States consented to the proceeding.

2. There is a written plea agreement in the record at DE 50. The Court placed Defendant under oath and performed the full colloquy as required by Rule 11. As set forth in the

1

record, after said colloquy, the Court found Defendant competent to plead. Additionally, after advising Defendant of all applicable rights, and assuring Defendant's awareness of the nature of and all potential penalties applicable to the charge at issue, as well as the sentencing process, the Court further found that Defendant pleaded guilty in a knowing, voluntary, and intelligent fashion. Defendant acknowledged that he may be subject to the imposition of a money judgment and restitution payments. Further, an adequate factual basis (from the colloquy) supported the plea as to each essential offense element for the applicable charge. The Court covered all areas and confirmed Defendant's understanding of all matters required in the context by Rule 11, the criminal rules, and the United States Constitution.

3. Further, and particularly based on Defendant's expressed intent to plead guilty, the Court read and discussed the substance of Count 1 of the Indictment and directly confirmed that Defendant and counsel had spent adequate time evaluating options and had sufficient information about the case to permit a complete assessment of strategy.

4. As such, and based on the Court's findings, the Court **RECOMMENDS** that the District Court **ACCEPT** the guilty plea of Defendant Joshua Vallance and **ADJUDGE** him guilty of Count 1 of the Indictment.

5. Further, given Vallance's concessions at the rearraignment hearing, his factual representations concerning the offense conduct, and the facts outlined in the signed plea agreement, the record supports a finding that any property involved in the offense or traceable to such property is subject to forfeiture per 18 U.S.C. § 982(a)(1). Vallance so stipulated under oath. However, as the Indictment seeks only a money judgment, and the plea agreement is entirely silent as to forfeiture, the Court makes no particular

forfeiture adjudication recommendation at this time. If the United States seeks judicial action on this front, it shall promptly file a forfeiture motion directed to the District Judge, consistent with the Rule 32.2 timing and other mechanics and addressing all 21 U.S.C. § 853(p) substitution criteria as appropriate.

*Right to Object*

Defendant has the right to object to this Recommendation and to secure de novo review from the District Judge as to any matter to which he specifically objects and seeks review. The parties agreed to an abbreviated objection period. Within **THREE DAYS** after being served with a copy of this Recommendation, a party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make timely objection in the manner described may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals with respect to the particular decision at issue. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 6th day of October, 2020.

